**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000473
29-NOV-2024
08:26 AM
Dkt. 41 SO**

NO. CAAP-21-0000473


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


YURIE YAMANO, Plaintiff-Appellant,
v.
HALEKULANI CORPORATION, ULRICH KRAUER (General Manager of
Halekulani Hotel), JASON WATERLOW (Director of Food and
Beverage), NICOLE L. BONENFANT (Director of Human Resources),
OSWALDO RABAGO (Asst. Director of Food and Beverage),
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO.  1CC191000432)


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal challenges an order setting aside the entry of default against the defendants and denying the plaintiff's motion for default judgment due to lack of proper service.  We affirm.

Self-represented Plaintiff-Appellant Yurie Yamano (**Yamano**) appeals from the June 18, 2021 Final Judgment, entered

by the Circuit Court of the First Circuit (**Circuit Court**)[1] in favor of Defendants-Appellees Halekulani Corporation, Ulrich Krauer, Jason Waterlow, Nicole L. Bonenfant, and Oswaldo Rabago (collectively, **Appellees**), following the dismissal of Yamano's Complaint for "failure to timely and properly effectuate service" on Appellees.

On appeal, Yamano does not appear to challenge the dismissal of the Complaint, but challenges the Circuit Court's order setting aside the entry of default against Appellees and denying her motion for default judgment.[2]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve Yamano's contentions as follows.

On March 18, 2019, Yamano filed a Complaint against Appellees alleging a violation of the Hawaiʻi whistleblower statute and other claims.

On April 24, 2019, Yamano filed a "Proof of Service of Process by Certified Mail Pursuant to HRS § 634-25," to which she attached copies of return receipts signed on behalf of Halekulani, Krauer, Waterlaw, and Rabago (there was no return receipt for Bonenfant). The receipts show mailing to addresses in Honolulu, Hawaiʻi.

---

[1] The Honorable Dean E. Ochiai presided.

[2] Yamano raises numerous points of error that do not comply in multiple respects with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4). Despite Yamano's non-compliance, we "afford[] litigants the opportunity to have their cases heard on the merits, where possible[,]" Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up), and liberally review such submissions by self-represented litigants to promote access to justice. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Yamano's contentions to the extent they can be discerned.

Also on April 24, 2019, Yamano filed a "Request for Entry of Default by the Clerk" pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55(a), asserting that Appellees had "been properly served via U.S. certified return receipt mail in accordance with HRS § 634-25 [sic]"[3] on March 25, 2019, and that Appellees "failed to answer or otherwise plead."  The Clerk entered default against Appellees (**April 24, 2019 Default**).

On May 7, 2019, Yamano filed a motion for default judgment that was denied.

On July 10, 2019, Yamano filed a motion for reconsideration, which was also denied.

On October 1, 2019, Yamano appealed the reconsideration order to this court in CAAP-19-0000615.  On March 5, 2020, this court dismissed the appeal for lack of appellate jurisdiction due to no "appealable final judgment."

On June 16, 2020, Yamano filed in the Circuit Court an "Application to the Court to Initiate Default Judgment HRCP Rule 54, and 55(b)(1)" (**Motion for Default Judgment**).  The Motion for Default Judgment was set for a hearing on August 11, 2020.

On August 3, 2020, Appellees filed an opposition, arguing that Yamano "never personally served" the Appellees with the Complaint in accordance with HRCP Rule 4(d),[4] and that Yamano "rel[ied] on the fact that she did so by certified mail." Appellees requested the April 24, 2019 Default be set aside because Yamano "misrepresented" that the Appellees were properly

---

[3]     Yamano's reliance on HRS § 634-25, authorizing out-of-state personal service on a defendant who is a Hawaiʻi resident, was incorrect. HRS §§ 634-23 and -24, referenced <u>infra</u>, are the sections pertinent to service by certified mail.

[4]     HRCP Rule 4(d) requires personal service of the summons and complaint by personal delivery of the same to the individual or to an agent authorized to receive service of process.

served by certified mail in accordance with HRS §§ 634-23 and -24, when these statutes were inapplicable to Appellees "who reside in and can be found within the State."[5]

Following the August 11, 2020 hearing, the Circuit Court filed its September 2, 2020 "Order Denying [Yamano]'s Application to the Court to Initiate Default Judgment HRCP Rule 54, 55(b)(1) and Granting [Appellees]' Motion to Set Aside Entry of Default" (**Order Setting Aside Default and Denying Default Judgment**), which referenced Yamano's statement at the hearing that "she has not personally served any of the [Appellees]"; noted Appellees "can be found within the State of Hawaii"; and ordered Yamano to properly serve Appellees in accordance with HRCP Rule 4(d) within "thirty (30) days from the entry of [the] order."

The record does not reflect that Yamano complied with the service requirement.

On January 15, 2021, Yamano filed a motion for the Circuit Court to "issue a final Judgment." Appellees filed a "Statement of No Opposition" and requested that, because Yamano did not indicate that she had complied with the 30-day service requirement, the Circuit Court dismiss the action and enter final judgment in favor of Appellees.

On March 1, 2021, the Circuit Court filed an "Order of Dismissal for Failure to Effectuate Service," noting the failure to serve Appellees in accordance with HRCP Rule 4(d) and the September 2, 2020 Order Setting Aside Default and Denying

---

[5] HRS § 634-24 authorizes service by certified mail upon defendants that do not reside within the State, or cannot be served within the State. The record does not reflect that Yamano submitted the required affidavit for certified mail service in accordance with HRS § 634-23(2), swearing that Appellees did not reside within the State or could not be served within the State.

Default Judgment.  Yamano appealed the subsequently entered June 18, 2021 Final Judgment.

On appeal, Yamano appears to argue that the Circuit Court erred by setting aside the April 24, 2019 Default because Yamano "did not file any motion under HRCP Rule 55(c)" and no "good cause" was shown for the entry of default to be set aside "in accordance with [HRCP] Rule 60(b)."  Appellees argue that "[w]hen a circuit court is confronted with an entry of default that was based upon improper personal service it is required to set aside the entry of default[,]" citing Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 196-99, 268 P.3d 443, 449-52 (App. 2011).

In Wagner, this court held that the circuit court correctly set aside the entry of default, where "there was no proper service" on the defendant and therefore, "the circuit court did not have jurisdiction over [the defendant] to issue either the default judgment or the entry of default."  Id. at 198 n.8, 268 P.3d at 451 n.8 (citation omitted).

Here, Yamano did not properly serve the Appellees. They were all physically located in Honolulu.  HRS §§ 634-23 and -24 did not apply, and personal service under HRCP Rule 4(d) was required.  Because Yamano did not properly serve the Appellees, there was no jurisdiction to enter the April 24, 2019 Default, and the Circuit Court properly set it aside.  See id. at 197, 198 n.8, 268 P.3d at 450, 451 n.8 (applying de novo review of the circuit court's ruling "to set aside entry of default due to improper service of process" as "a question of the circuit court's jurisdiction" (citation omitted)).

In light of our disposition, we need not address the remaining arguments.

For the foregoing reasons, the June 18, 2021 Final Judgment, entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, November 29, 2024.

On the briefs:

Yurie Yamano,
Self-Represented
Plaintiff-Appellant.

Richard M. Rand,
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge